# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHANIE LARUE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-1039 |
| | § | |
| COLLATERAL RECOVERY TEAM LLC, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court is defendant Credit Acceptance Corporation's ("Credit Acceptance") motion to compel arbitration (Dkt. 15), and defendants Daniel Bliss ("Bliss") and Collateral Recovery Team LLC's ("Collateral") alternative motions to compel arbitration or dismiss the complaint (Dkt. 25). Plaintiff Stephanie LaRue ("LaRue") responded to each (Dkts. 19, 32), and Credit Acceptance replied (Dkt. 20). After considering the motions, responses, reply, and applicable law, the court is of the opinion that the motions to compel arbitration should be GRANTED, and the motion to dismiss should be DENIED as moot.

## I. BACKGROUND

This dispute is about a retail installment sales contract, the related used car, and an attempt to repossess it. LaRue purchased a used car (the "Vehicle") from Auto Nations Inc. ("Auto Nations") on August 20, 2016, and entered into a retail installment sales contract (the "Agreement") that gave Auto Nations a security interest in the Vehicle. Dkt. 1 at 2. Auto Nations assigned the Agreement and security interest to Credit Acceptance. *Id.*

The Agreement included a full page arbitration clause that permitted either LaRue or Credit Acceptance to "require any Dispute to be arbitrated . . . before or after a lawsuit has been started over the Dispute." Dkt. 15-1 at 8. Dispute is defined as:

> any controversy or claim . . . arising out of or in any way related to [the Agreement], including, but not limited to, any default under [the Agreement], the collection of amounts due under [the Agreement], the purchase, sale, delivery, set-up, quality of the Vehicle, advertising for the Vehicle or its financing, or any product or service included in [the Agreement]. 'Dispute' shall have the broadest meaning possible, and includes contract claims, and claims based on tort, violations of laws, statutes, ordinances or regulations or any other legal or equitable theories.

*Id.* Excepted from this broad definition are any claims brought in small claims court as well as:

> any repossession of the Vehicle upon [LaRue's] default and any exercise of the power of sale of the Vehicle under [the Agreement] or any individual action by [LaRue] to prevent [Credit Acceptance] from using any such remedy, so long as such individual action does not involve a request for monetary relief of any kind.

*Id.*

Sometime between August 2016 and January 2019, Credit Acceptance notified LaRue that she was behind on her loan. Dkt. 1 at 2. On January 18, 2019, Credit Acceptance engaged Collateral to repossess the Vehicle. *Id.* Collateral in turn sent Bliss to LaRue's home where the Vehicle was located. *Id.* LaRue met Bliss outside her home as he backed his tow truck into her driveway in order to repossess the Vehicle. *Id.* LaRue immediately objected to the repossession, but Bliss continued his efforts. *Id.* An altercation ensued during which Bliss allegedly injured LaRue while forcing his way into the Vehicle. *Id.* at 2-3. Bliss eventually left without taking possession of the Vehicle. *Id.* at 3.

LaRue filed suit in this court on March 20, 2019, alleging violations of the Fair Debt Collection Practices Act, the Texas Business & Commerce Code, the Texas Fair Debt Collection

Practices Act, assault, and battery. *Id.* at 3-5. LaRue seeks monetary relief for each cause of action. *Id.*

Credit Acceptance filed its motion to compel arbitration on May 1, 2019. Dkt. 15. Collateral and Bliss filed their own motion to compel arbitration on August 12, 2019. Dkt. 25. All defendants assert the Agreement unambiguously applies to LaRue's claims and therefore the court must send the dispute to arbitration and dismiss the lawsuit. *See* Dkt. 15, 25. LaRue contends that the arbitration clause excludes "any disputes about repossession, on any theory," from its definition of Dispute, and therefore, her claims are not subject to mandatory arbitration under the Agreement. Dkt. 19 at 7.

## II. APPLICABLE LAW

The Federal Arbitration Act ("FAA")[1] provides that a written agreement to arbitrate, in a contract involving interstate commerce, "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Determining whether parties should be compelled to arbitrate involves two steps: "(1) is there a valid agreement to arbitrate the claims and (2) does the dispute in question fall within the scope of the arbitration agreement." *Klein v. Nabors Drilling USA, L.P.*, 710 F.3d 234, 236 (5th Cir. 2013). Whether there is a valid agreement to arbitrate "is governed by ordinary state-law contract principles." *Id.* The second inquiry is governed by the "federal substantive law of arbitrability." *Graves v. BP Am., Inc.*,

---

[1] The parties do not dispute, and the court agrees, that this arbitration agreement is governed by the Federal Arbitration Act because it involves interstate commerce. Dkt. 15 at 6-7; Dkt. 19 at 4. Additionally, the arbitration clause in the parties' agreement specifically invokes the FAA. Dkt. 15-1 at 8.

568 F.3d 221, 222 (5th Cir. 2009) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626, 105 S. Ct. 3346 (1985)).

The FAA expresses a presumption in favor of arbitration, and "any doubts concerning the scope of arbitration should be resolved in favor of arbitration." 9 U.S.C. § 2; *Mouton v. Metro. Life Ins. Co.*, 147 F.3d 453, 456 (5th Cir. 1998); *see also Klein*, 710 F.3d at 237 (noting the court "resolve[s] ambiguities in favor of arbitration" when "determining the scope of a valid arbitration agreement"). Because of the strong presumption in favor of arbitration, the party opposing arbitration bears the burden to demonstrate either that the agreement is invalid or that the dispute is outside of the agreement's scope. *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004).

Section 3 of the FAA provides that, upon a showing that the issues involved in an action are properly referable to arbitration, the court "shall . . . stay the trial of the action until arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. However, the Fifth Circuit has instructed that Section 3 of the FAA does not limit dismissal of a case if all of the issues raised in the district court are arbitrable. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). Instead, "when *all* of the issues raised in the district court must be submitted to arbitration," then the case may be dismissed. *Id.* (emphasis in original).

### III. ANALYSIS

#### A. Arbitrability

The parties do not dispute the validity of the Agreement or the arbitration clause. *See* Dkt. 19 at 4. However, LaRue argues that her claims do not fall within the scope of the arbitration clause. *Id.* LaRue notes that her claims "are based on a central statutory violation," and cites a single

Wisconsin intermediate appellate court opinion for support. *See Kirk v. Credit Acceptance*, 829 N.W.2d 522 (Wis. App. 2013).

The *Kirk* plaintiff alleged that Credit Acceptance violated the Wisconsin Consumer Act when it attempted to repossess his car. *Id.* at 524. Credit Acceptance sought to compel arbitration, but the arbitration clause at issue defined Dispute to include only "contract claims, and claims based in tort or any other legal theories." *Id.* at 531-32. The *Kirk* court did not compel arbitration because it concluded that Credit Acceptance waived its right to arbitrate claims when it engaged in the judicial process, and also noted that "[t]he arbitration clause language does not apply to the separate and distinct question of whether Credit Acceptance violated Wisconsin's consumer protection act." *Id.* at 532-33.

However, *Kirk* is inapposite to this case. The arbitration clause at bar includes important additional language defining Dispute: "Dispute shall have the broadest meaning possible, and includes contract claims, and claims based on tort, *violations of laws, statutes, ordinances or regulations* or any other legal or equitable theories. Dkt. 15-1 at 8 (emphasis added). All of LaRue's claims are either statutory violations or sound in tort, *see* Dkt. 1, and the Agreement language unambiguously demonstrates that LaRue and Credit Acceptance agreed to arbitrate such claims.

LaRue alternatively argues that her claims fall within the arbitration clause's exception for "any repossession" actions. Dkt. 19 at 7. According to LaRue, excluding "any repossession" from "Dispute" means "any disputes about repossession, on any theory," are not subject to arbitration. *Id.* Such a broad reading of the arbitration clause is untenable. If the parties desired to exclude any dispute *about* repossession, they could have drafted the exclusion to mirror the affirmative definition of Dispute, which deems "any controversy or claim . . . *arising out of or in any way related to*" the

Agreement an arbitrable dispute. Dkt. 15-1 at 8. The arbitration clause instead lists examples of claims that are arbitrable, like default and the collection of amounts due, and specific claims that are not arbitrable, like repossession. *Id.* The arbitration clause language certainly excludes a repossession claim "so long as such individual action does not involve a request for monetary relief of any kind." Dkt. 15-1 at 8. LaRue's claims here do involve "a request for monetary relief" and thus do not fall within the exception to the definition of disputes subject to arbitration. Even if the exception was found to be ambiguous, ambiguities in an arbitration clause are resolved in favor of arbitration. *See Klein*, 710 F.3d at 237. The court finds that LaRue's claims are within the scope of the arbitration clause.

### B. Dismissal

Credit Acceptance also seeks dismissal of this case in lieu of a stay pending the outcome of arbitration. Dkt. 15 at 11-12. Because the Agreement allows arbitration when either party requires it and all of LaRue's claims are within the scope of the arbitration clause, this suit should be dismissed without prejudice. *See Alford*, 975 F.2d at 1164.

### IV. CONCLUSION

LaRue has not carried her burden to rebut the strong federal presumption in favor of arbitration. Therefore, defendants' motions to compel arbitration (Dkts. 15, 25) are **GRANTED**, and Bliss and Collateral's motion to dismiss (Dkt. 25) is **DENIED AS MOOT**. This matter shall

be submitted to binding arbitration pursuant to the terms of the Agreement, and LaRue's claims against defendants are **DISMISSED WITHOUT PREJUDICE**.

It is so ORDERED.

Signed at Houston, Texas on October 25, 2019.

Gray H. Miller
Senior United States District Judge